The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. The first case today is case number 4241121, Thomas v. County of Peoria. I ask counsel for the appellant. Please state your name. Good morning, your honor. Justin Penn, PENN. I represent the appellant. Okay, thank you. And counsel for the appellate, please state your name, sir. Hi, Judge. My name is Tom Sotos, S-O-T-O-S, counsel for the appellate. Thank you. Mr. Penn of the appellate. Thank you, Judge. May it please the court. We respectfully submit that the trial court here committed error in its determination with respect to whether there had been an expansion of the appointment of special states attorney or whether there needed to be a motion to be. Sorry. Go ahead. Sorry, Judge, or whether or not there needed to be a motion to expand that appointment. I think some of the confusion here is the result in respect with respect to the trial court. There's a result of the conflation of perhaps different interpretations being applied to the same ruling because of different procedural postures. And I'm talking about the ruling with respect to the appointment. That was potentially compounded by comments and lengthy consideration about the implications of taxpayer burdens, which I don't think is appropriate for that motion that was being decided. Further, and relatedly, the juxtaposition of the outcomes of the motion to, I don't know if it was a motion to clarify or a motion to interpret the order. The judge in the trial court seemed to refer to both, and I'm not sure there's a distinction. But by juxtaposing the outcome of the motion to reconsider or interpret or clarify the order with the impact on the petition for attorney's fees, complicated this analysis a little bit more. But ultimately, the issue here, under any standard, and evaluating all the procedural nuances, which is what I'm here to address if your honors have any questions. The ultimate issue here is whether the prosecution of counts 12 and 13 are part of the cause for which this appointment was made. The appointment in this case of the special state's attorney was, quote, to prosecute the cause slash proceeding. That's what this case, that's the case, is the cause. Good, excuse me. Good morning. I'm going to interrupt at this point. So, looking at that, how could special counsel's authority have included counts 12 and 13 since the appointment order predated the inclusion of those counts? And especially since there was never an order issued that expanded those powers of the special prosecutor. So, it's a bit circular to argue that, I think, that it's a bit circular to argue that there needed to be an order expanding it when it was not expanded. So, when you have a situation as here, where the court has held specifically in response to a contested motion to amend the complaint, we file a motion to amend the complaint. It's contested, and the judge, the trial court says, no, these new claims are substantially related to the original claims. So, if they're substantially related, they are, in effect, the same cause. Now, I don't know, that's what we're struggling with here, and that's why I say the conflation and the juxtaposition with respect to the impact on the fee petition is what I think took us on a left turn and a sojourn here. The issue is not, there is no need for an order expanding the representation if the representation is not expanded. And here, we have an order, we have a finding that says, these are, in fact, related to the claims for which you have been appointed. Now, important, go ahead, Judge. Well, I'm just going to focus and drill down just a little bit on that. So, if we look at the county's code, section 39008C, and the purpose of that section, so that's the section that talks about an order granting authority to a special prosecutor must be construed strictly and narrowly by the court. Isn't the purpose behind that actually really to limit the powers and cost of litigation of an attorney who's appointed under section 810? And so, under your argument and your approach to this, certainly it seems that, as you said, a request for an expansion of authority isn't needed to bring additional counts in a lawsuit. But in light of the purpose of this section, what would stop an attorney, for example, from bringing frivolous counts? I mean, is there something... A frivolous count? Go ahead. So, yeah, Judge, so first of all, they would have the opportunity to file a motion to dismiss a frivolous count, which the county had here. The judge said, Judge Mack said, in allowing the amended complaint, the judge said, you are free to file a motion to dismiss. You can file a motion to dismiss saying whatever you want to say, that these are brought in her individual capacity, that they failed to state a claim, that they're frivolous. Any of those could have been brought. Alternatively, and we went through this at detail at the argument on the petition for attorney's fees, which was the same oral argument here. I conceded, if these claims are frivolous, they should not be paid for. If the opposition to the fee petition, which is distinct from the appointment, if the claims are that these are frivolous claims, oppose them in the fee petition. Absolutely. I used the example and said, if she told her sister about this, and I wanted to depose her sister, and her sister lives in Maui, and I go to Maui, Hawaii for five days or seven days or 12 days, that's not reasonable. And that's not, it's not that it's not within the scope of the appointment. The issue is that that's frivolous. It's unreasonable. It's not, shouldn't be paid for by the taxpayers. I get that. So you don't believe that your interpretation really frustrates the purpose on the cost saving purpose of this subsection C. So you're not needing, go ahead, not needing to go back for permission to expand the powers. I would say this, Judd, that is correct. I'm not dodging your question. That is my position. But you said one thing in your question at the beginning, which you said isn't the purpose of this to keep the, I'm paraphrasing, but isn't the purpose of this to be mindful of the cost of litigation? I don't believe that is the purpose. The fee petition is the failsafe or the safeguard on the cost of litigation. What I think this is and what the cases that we all cite in our briefs, which are the two McHenry cases, the County of McHenry and the Bianchi case, those cases have to deal with situations where there's an appointment for like an investigation. And I think in that situation, that's where this is really focused. I think that's the purpose of this section. I'm not saying it doesn't apply to litigation. But what I'm saying is when you have an appointment for purposes of litigation, the safeguard on the cost is that the petition for attorney's fees have to be approved by the court. This expansion issue, I think, has to do with a situation like Bianchi, where you say the state's attorney can't investigate the state's attorney. So you appoint a state's attorney with an appointment that is to investigate and analyze any and all persons related to how public funds were used. Well, if the state's attorney's son gets a subpoena to talk about a DUI, that's outside the scope. And I think that in that situation, they would come in and they would say, this is outside the scope. You did not get permission to expand the scope of this. That's wholly and separate from the issue of whether fees are reasonable. And that's what conflated this, is that the scope issue has been determined. And this was a results, I would submit, this was a results-driven determination, where they said, we are not paying for those fees. The proper way to deal with this would have been on a motion to dismiss when the claims were alleged to be brought in her official capacity, when the court has ruled that they are substantially related. Now, if they wanted to challenge that, they could have challenged that. They didn't. They waited until a new judge was assigned and they filed a motion to clarify or to interpret or to reconsider. I don't think that was the appropriate way. And I don't think it was fair to the trial court. I'm not totally blaming the trial. I'm not blaming the trial court. So let me ask another question on these points, because I think they're important. How does this position and your argument really align with statutory language in Section C, which tells us that the order granting authority to a special prosecutor has to be construed strictly and narrowly by the court? How does your position that you don't have to go back for a power to permission to expand? Judge, we were appointed to languages to prosecute the cause and proceedings. There is no order that this amended pleading is outside the cause or proceedings until the very end. And they could have made that order. They could have sought that. They could have dismissed this and said this is not properly in this cause and proceeding. So that's why I say it's a little bit of a cart and horse argument here where I'm saying I wouldn't go in to seek an expansion of my authority when I'm not exceeding my authority. I was appointed to prosecute the case. I'm prosecuting the case. What do you look to to see that? The fact that I have an amended complaint where a judge says this is substantially related to the original complaint. Let's say it this way. I hate to argue by analogy, but I'll just say it because it'll maybe put a point on this. If I have a count that is breach of contract and it's moved to dismiss because they say you can't cover breach of fiduciary duty, it's only a breach of contract. This is actually a fiduciary obligation. So I get an order that says, no, contract is stricken, but you could file a breach of fiduciary duty claim. Now I come in and I file a breach of fiduciary duty claim. I don't believe I have to go to the court and say my initial claim was based upon a set of facts that are essentially the same thing, but the claim is different. I've got a little bit of a different claim because now I've got a ruling from a judge that says the appropriate way to frame this is actually X, not Y. I don't believe that that's what this was intended for. Now, I'm not suggesting I have clear authority, and I don't have clear authority from this court or any other court that addresses this issue. What I'm suggesting is subsection C is really focused in two. It has two sections. One is the expansion of the authority, which I don't believe has happened here. And then it talks about later about prior to signing an order requiring the county to pay fees, the court has to get a detailed copy of the invoice, and they review it and approve it. So there is a safeguard to the taxpayer burden that was being considered here. But I don't believe it is a fair thing to say that this was an expansion merely because the counts did not exist in the original complaint. I think that's an onerous, if not dangerous precedent to set. So do we as an appellate court look to the original order, the wording of that order? Is that what you're telling us? That's what I have to live with is the original order, which is the prosecute the cause slash proceeding. That's the scope of the appointment. So if the court is to hold, filing an amended complaint that is substantially related to the original complaint is not within the scope of prosecuting the cause and proceeding, I have to live with that. I don't believe that's the case. Where is the definition of cause and proceeding? It's not in the statute, is it? It's not in the statute, no. So where do we find it? Judge, I can grab a Black's Law Dictionary. I'm sorry. I don't know. I believe it can't. I don't know how it could be anything except the substance of this case, which I can get to. You'd have to look at what is this case about. In this case, this cause, this proceeding is about what the auditor perceived as improper efforts by the county to eliminate the auditor's office. Counsel, what? How much money are we talking about here? If you prevail? That's a great question. I meant to look that up before. Our last fee petition was, I think, $150,000 or $140,000, of which $40,000 was awarded. That was half the hours and about $80,000 less at that point than the county had paid our opponents in this case. So the reasonableness was not an issue. The court said that. The court held that the amount, the rate of the fees, and the court did not have an objection to the fee petition and the amounts charged or anything like that. But it was. The amounts previously were unrelated to counts 12 and 13. Right. So the case, yeah, the procedural case here is that the original claim comes in. We prosecute that. There's a lot of delay because of the conflict that the state's attorney had. So they had to get new attorneys. In that delay, the county puts forth a referendum. The referendum is on the ballot. There's a separate challenge, not unrelated, but not related to the issues today. There's a separate challenge. That challenge is unsuccessful. The referendum passes. Before the referendum takes effect, we file, we seek leave and are granted leave to amend the complaint. And up to that point, the judge determined there was $41,000 in fees. Beyond that, I think there's another I don't don't hold me to the number. I can get it for you on it. And it's in the record. But because our motion for attorneys fees is in there. I think it's another 80, but I'm not entirely sure. So, your position is that counts 12 and 13. Were sufficiently within the range of the initial court order regarding the earlier accounts. So, it's my position. Yeah, it is my position that they are within the appointment to prosecute the cause or proceeding here. It is not my position that counts 12 and 13 were included in the original complaint. They were not. They could not have been. There was no referendum. So, there was no way to include them then. But I would submit that the appointment was to prosecute the cause and proceeding and that the cause and proceeding was this effort by the county to eliminate the office improperly. So, I want to make sure I understand your position. Is it your position that what should have happened at the trial level is the. County should have moved to strike these counts so that would be litigated the county level or the trial level and if. The court was persuaded by the county, then those counts would have been stricken and everyone would have been on notice or. Yes, is that a statement of your position? Yeah, among others, but, yes, I mean, my position would be if they, for example. If they believed that they had a defense to this claim, because these were not brought in her official capacity. And because we have a special appointed state's attorney here, the appropriate measure, as Judge Mack said, the appropriate thing would be file a motion to dismiss on that point and he'll decide that point. And if he had decided that point and decided it unfavorably for her, she could have made any informed decision as to how to proceed, whether she wanted to fund it or appeal it or consider the risks with that. But that's not what happened. That's not what happened at all. And let me say, Judge Steinman, it's to prosecute the cause or proceedings. If I had gone out and got a billboard to try and go against the referendum, I don't believe that would be within the cause or the proceeding. But the appropriate thing to do there would be to say, Justin, you don't get paid for that. You don't get paid for that because it's totally unrelated to the fee petition. That's unreasonable. That's the second part of subsection C. It sounds like we have two different issues here. One is whether 12 and 13 can be considered at all for reimbursement of expenditures by council. But the second is the reasonableness of those expenditures. And your position is no one's contested the second point? No one has decided that they were unreasonable. There was a contest. Hasn't even been asserted?  At some level they have been, but I'm not sure that writ large it's been contested more than what we're talking about right here, which is that it's outside. No trial judges said these fees were not reasonable. To the contrary, the trial judges said the rate and the fees that were worked were reasonable. They were disallowed because the retroactive assessment of this interpretation of the original appointment to say that because counts 12 and 13 were not originally. Well, because it's of the taxpayer burden is what it was. But I think there was comment about it not being considered by the judge. I just don't think that's the proper standard. I'm sorry. Go ahead. Just a statement. It's just a quick 1 council. How does the admission. And discovery and the answer. Factor argument, or how does that tie in? How does I'm sorry, you broke up a little bit. How does the admission and the answer. There you're talking about in the county's answer. Yes, yeah, that I mean, that's the point is that they should all of this. There's a due process aspect of this that we don't really get into. But the whole point of this is you can't go litigate these cases, answer the complaint. Not assert that it's outside of this. And then later say, you know what? We're not paying for any of that because we won. Like, that's a very, I would say, dangerous precedent to set. I don't the idea here is that these special states attorneys are appointed. And they are allowed to exercise independent judgment on this. And so if they can't bring these claims, I'm afraid it's going to, or if we make them contingency attorneys, it's going to be a problem. Potentially, I just think that the taxpayer implications. The best example I can say on this is this exact case. You can't look at the taxpayer implications to say there's not a conflict. The state's attorney is to say that there's not a conflict. Like, we have a situation here where the state's attorney cannot represent her in her official capacity. Because she, the state's attorney, has given advice on both sides of this. So she's conflicted out. You can't say, I get it, but, man, this is going to toss the taxpayers a lot of money and the auditor may not win. And I just, it's not a right. We're going to narrow that appointment. You can't do that. That's not appropriate. Isn't that what Judge Umholtz did, actually, on the motion for clarification? He discussed the concerns that he felt the taxpayers would have in paying for the litigation relating to counts 12 and 13, correct? That's exactly what he did. But why couldn't that be an independent basis for declining attorneys' fees? I mean, there's wording in the statute, we know, about this in the county's code. So why couldn't that be an independent basis, even if we're assuming that the trial court incorrectly determined that counsel exceeded his authority? Why isn't this, couldn't this be an independent basis? Would that the judge had ruled that way, we might be here on a different reason, but I don't know. That's not what the judge ruled. So I don't believe it can be an independent basis. So you're saying, can the judge, just let me make sure I understand your question, Judge, respectfully. So I think you're asking, can a judge evaluating a fee petition consider the obligation on a taxpayer as to the reasonableness of fees? Is that the question? Awarding of fees. I mean, not necessarily the part where... The answer is no. I think the answer to that is no. Because I, first of all, judges are taxpayers. That would open up a whole can of worms as far as changing venues and dealing with that. So no, I think the answer is no. I think what you can, not in this situation. I mean, you have a special states attorney that's appointed that is exercising discretion as to how to proceed. I think frivolity is a legitimate potential challenge. I think that's hard here where we won in the trial court, because I think it's hard to say it was frivolous. But I grant you, like, if I was to bring, unrelated, fair. If I was to bring, if one of the board members hit her in a parking lot and we brought that as a separate claim, I think that that would be a challenge to attorney's fees that you could raise. Your time is up. We'll yield you have an opportunity to address this again in rebuttal. Thank you. Mr. Sotos, you may proceed on behalf of the appellee. Thank you, Justice Steigman, counsel. May it please the court. Again, my name is Tom Sotos. I represent the defendants' appellees, Peoria County, and the county officials. To be specific here, we are asking the court to affirm the lower court's partial grant of our motion for clarification. Where the lower court found, first, that its 2021 order appointing opposing counsel a special prosecutor did not grant him special prosecutor power over counts 12 and 13 of plaintiff's amended complaint, as those two counts did not exist in 2021. And second, that the lower court never authorized an expansion of those powers to encompass counts 12 and 13, including when the lower court granted plaintiff's motion for leave to amend. Now, we are confident that this appeal can be resolved in defendant's favor on the merits. However, if the court will indulge a brief explanation, I want to start with the procedural concern that, as a zealous advocate, I feel I am effectively required to bring to the court's attention. As the court may recall three years ago, this court, the 4th District, issued a decision in Alms v. Peoria County Election Commission, a case cited in both parties' briefs. Alms was an election case brought by a plaintiff and her deputy auditor that sought an injunction invalidating the same ballot referendum at the core of this case before the referendum ever went to a vote. In that 2022 decision, after laying up thrust of plaintiff's argument on appeal, this court wrote at the very beginning of its legal analysis, quote, As we explain below, we conclude that plaintiffs forfeited their argument, that they raised a fair question as to irreparable harm. The court then expressed the admonished plaintiff's counsel in that decision, and I quote again, The argument section in an appellant's brief must contain the contentions of the appellant and the reasons, therefore, with citation of the authorities and the pages of the record relied on. Reviewing courts are not depositories where litigants may dump the burden of argument and research. End quote. Now, despite that admonishment, the same court is now presented with the same issue and the same counsel and the same plaintiff. As we noted in our response brief, there are a host of arguments raised by plaintiff in our opening brief that are forfeited because they were raised without citation to authority. Plaintiff's reply, however, is arguably more concerning from a forfeiture standpoint. This is our opportunity to address that lie beginning on page six. The reply proceeds to advance arguments and make assertions with an astonishing disregard for the requirement that supportive authority be included. Virtually every page after page six contains such a misstep. Just by way of example, I'm going to keep this brief. This is one example from page seven. Plaintiff notes that section 9008C, quote, says that only actual expansions of power or authority, meaning some kind of material change in scope, require notice. Adding related claims in the same cause does not. End quote. That assertion is made without citation to a single authority. Excuse me. Good morning. Good morning. Duly taking note of your position with regard to forfeiture here. I would like the opportunity, please, to ask you a couple questions regarding the scope of the appointment order here.  Even accepting your point, I think that was made in the brief that the county's code requires that the orders appointment orders for special prosecutors have to be construed narrowly. When that appointment order includes terms like the one here, cause and proceeding, doesn't your interpretation really amount to a limitation of the authority originally granted to counsel as opposed to a narrow reading of it? I appreciate the question. Our position is no. Our position is that as a matter of simple fact, the cause slash proceeding that was contemplated at the moment of the appointment order did not include counts 12 and 13 because they did not come to exist for another year. And the important part about this answer, I think, is the words strictly and narrowly. Counsel is advocated. You speak down. So what were the words you said were important? The words of the statute section 9008 C construe strictly and narrowly. Counsel in the briefs and an argument, just as you know, just made reference to it. They're advocating for a broad interpretation of the words cause slash proceeding. Now, just as you know, asked what authority do you have for interpreting cause slash proceeding with the breath that you interpret it. Counsel didn't have an answer. There isn't a case that says to interpret it with that sort of breath. We are advocating for, and we believe is the appropriate application of section 9008 C are two words that bar a broad interpretation that counsel is advocating for strict and narrow. And to interpret the appointment order strictly and narrowly as the court is required to do by statute. Our position is that counts 12 and 13 cannot be included in the definition of cause proceeding because they did not exist yet. In particular, this gets me to two points, just to see enough that I think if you can remember those two points, I want to jump in here. So opposing counsel, I believe mentioned Black's Law Dictionary, but didn't have it at his fingertips. What where are you getting your definition of cause and proceeding? We are getting that we are defining cause slash proceeding consistent with statute strictly and narrowly. So we are relying on what does it mean? What does the word cause mean? And what does proceeding mean? And to be fair to opposing counsel, this specific question has not been addressed by the Illinois courts. This is the issue that is new. And what we are arguing is that the terms strict and narrow require the interpretation that we are supplying. But there is not a case that either party has supplied that give a particular definition for how to interpret cause slash proceeding in the context of section 9008 C. So as we interpret the county's code, if we don't have a case, where do we look? So this comes from counsel's brief, and they put this forward. They say where the statutory language is clear, the language in and of itself. And, again, this is what we are arguing about. Our position is that the words strictly and narrowly are clear and that they require. And, again, this is an issue of first impression. I don't want to overstate. You ask where to look. This court's decision will be where to look from here on out. But our position is that strictly and narrowly requires that an appointment to prosecute a cause slash proceeding refers to the cause slash proceeding at the time the appointment order is entered. And at the time the appointment order was entered, the cause slash proceeding did not include counts 12 and 13. And I can get to my two points, Justice Enoff, because this is where they come in. Go ahead. I interrupted. Go ahead. I'll actually begin with the second point, because I think this is the more important one for this question. The reason that's particularly clear in this case, and we get law based on the facts of whatever case comes before the court, and the facts here are that counts 12 and 13 are exceedingly distinct from counts 1 through 11. So, while I appreciate the notion that the term cause slash proceeding isn't explicitly defined in either the Sakota Civil Procedure or the county's code, we know here that the cause slash proceeding that existed when this appointment order went into effect did not include counts 12 and 13. Count 12 is particularly important here. Well, count 12 asks, this is just the title of the count. A declaratory judgment the county improperly seeks to terminate the auditor before the conclusion of her elected term. And in paragraph 142, it says that this improper shortening occurs. By shortening the term of the auditor, the county is violating voters' constitutional rights. This is the only reference in the complaint to constitutional rights. And it's particularly the only reference in the complaint to an indication of voters' constitutional rights. Count 12 was a sharp departure from counts 1 through 11, which, as the court may recall from its earlier decision, that was a budgetary dispute. That had to do with how the county was allocating budget within the office of the county auditor, auditor consistent with the county's code. This changed the nature of the litigation. And the court ruled. Go ahead, Justine. It looks like you're going to ask a question. At what point do we know that counsel in a case like this or another case crosses the line? What do we use as a basis for determining that? What does a trial court use? What do we as an appellate court use? Our position is that what section 9008C is trying to do is provide a check. And it's a very important check. In certain cases, it might be prophylactic. In other cases, it can be very effective and curtailing. And our position is that when a litigant amends a complaint and they have already been appointed a special private counsel, so they are seeking so they are getting public funding for their prosecution of this case, where they seek to expand that litigation by adding counts to a complaint, section 9008C effectively requires them to also get an order saying that they have the authority to prosecute those claims. And that is the check that section 9008C is trying to impose because public funds are at stake. Now, counsel raises in his brief, he talks about this being an impractical problem. Every time we expand the complaint, we're going to have to get an order. Respectfully, it's not impractical. They already have to get an order amending the complaint. But the amendment to the complaint is governed by the Illinois Code of Civil Procedure. This statute arises out of the Illinois County's code, and it is concerned with a different suite of problems. The Illinois Code of Civil Procedure simply wants to make sure that the counts are related enough that we can add them to the case. Illinois pleading rules require, or they provide, that amendments to complaints be granted freely and liberally. It's a very broad language. Effectively, what counsel is advocating for is carrying that language over to 9008C. But 9008C doesn't say that. 9008C is concerned with the improper plumbing of municipal coffers. So it says you have to construe the original appointment strictly and narrowly, and when you add counts to litigation, you have to go make sure that you're the right person to litigate those counts because the public is going to fund the prosecution of those. Otherwise, if it's any other way, our position is that 9008C is superfluous, and statutory interpretation requires the court to interpret statutes to give them meaning. So it's a simple process. Thank you, Judge. You've set forth this in a very persuasive fashion to talk about what could and should have been done. But the problem now before the court, the problem that the trial court was going to begin with, seems to me foreseeable. And leaving aside for the moment whether there should have been a motion to amend the complaint to add these counts, there it was. Why didn't you make a motion to strike a motion to have this litigated at the trial court level on the grounds early on saying, wait a minute, for just the reasons you mentioned. This isn't part of the original order, and this shouldn't be covered, and we are never going to want to pay for it. What about that? I appreciate the question. And to try to preempt Justice Zinoff's question, there is not a case directly answering your question. Our position is that this is plaintiff's burden. It is their authority. He is the special prosecutor. It is his requirement to expand his own authority. The statute does not explicitly say that. There isn't explicit instruction in the case law. But the statute very clearly, it is concerned with the special prosecutor's power and authority. And in this case, that was opposing counsel's special prosecutor power and authority. He sought the first order. He sought the amendment. He should have sought an order expanding his power and authority to prosecute those counts 12 and 13 in order to get municipal funding for the prosecution of those counts. That's our position. We think that that is the fair interpretation of the statute, to place it on the party who should be seeking the amendment. It's reasonable, but why didn't you move to strike it? All of what you've been arguing and what is now before us appears to be, as I say, foreseeable. And had you moved to strike it on the grounds you've now argued to us, the trial court could have addressed this matter in a more timely fashion, and it wouldn't have been something which was just kind of let slide. Go ahead. Your Honor, this was not a concern from our side of litigation as we were proceeding. When we what we did is we challenged the motion for preliminary injunction, and that gave us an automatic right of appeal. If we lost it, we exercised that right. We did lose. We appealed it to this court, and then we won on appeal. And that effectively ended the litigation because it ruled that the auditor didn't have a right to the office. So the litigation was done. We weren't we weren't concerned with it anymore. Then when it came time to pay the bill and they were presented with the fees, we were talking with the client, and we were concerned that we had a taxpayer problem on our hands because we didn't have an order. We didn't have any authority allowing us to pay for work on counts 12 and 13. We were concerned with the improper doling out of taxpayer funds when the issue was presented to us. So candidly, it's because this wasn't a concern for us in the course of litigation. We were concerned with the merits of litigation. So, again, we do think that that would flip the burdens that the statute implicitly imposes, that the burden should be on plaintiff's counsel to get an order expanding his authority. That's our position. That's what we're speaking for. This case, the plaintiff failed to do that. And as far as you're concerned, that should be the end of it. Our our position is that, yes, if it were any other way, Section 9008C would be rendered superfluous. And we appreciate that that sounds like a harsh result, but that effectuates the purpose of the of the statute. Otherwise, the statute doesn't have any meaning. That's our position. That's our first position. Our second position has to do with official capacity. But our primary position is the one that I just that I just offered. Yes. What was the second? Our second argument on appeal is that effectively plaintiff, not effectively, the plaintiff lacked the official capacity necessary to prosecute counts 12 and 13 with special prosecutor representation. And the reason for that is because the election ended her term in office. So because the court ruled that she lacked that the office was put by the time once the office was put, there was no more official capacity. So it's a it's a simple legal position. That's the position that we say is up for de novo review. That's a pure legal question. We argue that the motion for clarification arises in abuse of discretion standard. But this simply is that the court ruled in the previous ruling in this case in Thomas that the office was eliminated. So the office was eliminated from that point going forward. She lacked the official capacity necessary prosecute counts 12 and 13 with special prosecutor representation. I think the best example of this would be. She brought the she brought the motion to add 12 and 13 while she was still in her position as auditor prior to even prior to certification of the results of the election. So I'm not sure where you're coming from when you're arguing that council. She did bring the counts before the certification, but she brought them after the election results came in. We offer an alternative position that on the day that the certification was certified. So on November 22, as a matter of law, just pure law, her official capacity ended at that moment. So any forward moving litigation couldn't have been effectuated in her official capacity. By that point, November 22 onwards, she was a private citizen. So this official capacity ended there. We offer a series of arguments in our briefs about this. So one with regard to the first point, did you not overlook the fact that in making his ruling, Judge Mac ruled that counts 12 and 13 were substantially related to the rest of the counts in that complaint? Just to see how this is not overlooking this council. We don't believe we are. This was the other of my key points. Our position is that the words substantially related are doing a lot of work in this case, and they cannot be used to usurp the language of 9008C. The term substantially related comes from the Illinois code of civil procedure and the rules governing pleading amendments. And Judge Mac absolutely found the counts 12 and 13 were substantially related. But what section 9008C says, and that arises out of the Illinois county's code, is that the original appointment order, which predated that amendment order, that has to be strewed constrictly and narrowly. And to use the term substantially related, to say that we are construing the original appointment order strictly and narrowly so as to include those later included counts, what that does is it effectively defers to the Illinois code of civil procedure. And section 9008C doesn't say that. It doesn't allow for that. It's a different series of concerns. And it says we are to construe the original appointment order strictly and narrowly. It is a different check. And again, we note this in our brief. If I understand, your position is that the code of civil procedure on amending complaints, the language that the judge cited and that the opponent cites, doesn't apply because the county's statute provision trumps it. It's more narrow and it restricts what would normally be the case on amending the complaint? Effectively, yes. We wouldn't use the word trump because section 9008C arises very narrowly in a very small sliver of cases. It's only when a private attorney has been appointed a special prosecutor. It's an entirely separate sentence. It's an interesting argument. And I'm just curious, is there any precedent for that argument with regard to other specific statutory provisions or claims that might be made and motions to amend those counts? Or would this be sui generis? We are not familiar with other arguments or other holdings that provide a sort of line that you're articulating justice statement. And what we would say is that the clarity with which 9008C provides that the appointment order must be construed strictly and narrowly is in stark contrast to the clarity with which the Illinois common law and the code of civil procedure provide that amendments to pleading should be granted liberally and freely and when they're substantially related. They come from two different areas of law. They use completely different language. And they are concerned with different things. And as a result, we think that they exist on different tracks. That's our question. I'm curious. I want to go back to the question you raised about the briefs. Is it your position that the appellant's brief and reply brief failed to address this? Our position is that the appellant's reply brief failed to support their arguments with citation to authority on so many occasions as to warrant a finding of forfeiture. And I appreciate Justice Zinoff's request to be proven with merits. I wanted to preserve that argument on behalf of my client. I think a simple review of the reply brief will reveal that there is a dearth of authority. What about the initial brief of the appellant? The opening brief? Yes. No. There are specific arguments in that brief that we believe are forfeited. We lay that out in our response brief. We do not believe the gravamen of their appeal was forfeited in their opening brief. There are certain arguments, but the reply brief in particular lacks citation to authority. That's our position. Is it your position that we should disregard the reply brief? It is our position that the bulk of arguments in the reply brief are not supported by citation to authority. And the court in its wisdom, we believe, will observe that as it did in Holmes. That's our position, Justice. Thank you, counsel. Your time is up. Mr. Penn, on behalf of the appellant, you may make your rebuttal argument at this time. You should begin by addressing the problems that Mr. Sonos has discussed about your reply brief and also about the first brief you submitted in this case. What about that, and why should this court accept it? Well, Judge, I'm not going to tell Your Honor how to interpret a reply brief. I'll say that I am confident that we have complied with all rules. If there's not something cited with authority and there's no authority for which to cite, I don't think we cited to the record on a bunch of stuff where we're asking you to go dig through the record. Let me say it more definitively. We did not do that. I don't know what counsel's talking about. It's a little hard to respond to such a panoply of claims when I don't know what he's talking about. The Holmes case, I didn't argue the Holmes case. That's not my – sorry, counsel. You heard counsel's reference to this court's criticism of your brief in the last appeal. Yeah, I didn't – I cannot remember honestly as I sit here if I was on that – if my name is on that brief. My friend, Adam Vaught, wrote and I don't even remember if I argued it. I might have argued it. I did not write that brief, so I don't know. I can't stand by it. In the context of a criminal case, counsel, the term repeat offender might apply. Yeah, I hear you, Judge. I'm sorry. I apologize. I confess. I am not in a position to argue. I do not believe there's anything deficient in our reply brief. I will state that for the record. I do not believe we cite to things without citation. I will say that for the record. To the extent that that happened in the Holmes appeal, I confess ignorance. I'm sorry. I don't – and that's not a defense in criminal or, you know, and this is not criminal, but that's not a defense. I'm just telling you candidly I'm not in a position to argue that because I don't know what he's talking about. The point that Mr. Soto has raised is that you're applying the standard general easy provision from the Code of Civil Procedure to amend complaints. He says that's inconsistent with the much harder provision of the county's code. Why isn't he right? He's not right because I don't believe he articulated that argument in the way that he's articulating it here. What I'm arguing with respect to that, and let me put a very narrow point on this, we are discussing now the scope of this appointment, and we are discussing what the word proceedings means. I did not – I confess I did not contemplate us to be having a misunderstanding or a dispute even as to what the word proceedings means in a legal context. Mr. Soto, in their briefs, they did not raise this, that it was not – that the word proceedings or cause was – did not apply to the case. In my opinion – not my opinion – in jurisprudence, if you are appointed to represent someone in proceedings, you are representing them in the case. If the claims are amended in that case, and they are answered, and there are admissions, that is part of the proceedings. That – I don't believe that's controversial, and I will stand by that very strongly. That is not – that is the crux of what we're here for. Your Honor asked really good questions. Why didn't they move to strike? And they said, you know what, it really wasn't a concern for us. Well, okay, that's fine. They made their litigation decisions, and it wasn't a concern for them. It doesn't really look great for the judiciary when it's not a concern for them then, and then there's a change of judge. And then they decide, well, you know what, we ought to take a run at a motion to clarify that prior judge's order. That doesn't look great. I don't love that. They said they were concerned after consulting with their client. Their client was all of a sudden concerned about the taxpayer implications. They billed way more on this than we did. There's no way that that's plausible. They can't have, say, the county just – it just occurred to the county that this was going to be expensive. They billed twice as many hours, the record shows. They billed twice as many hours. They billed 70 percent more in fees. It can't be that they were like – they just all of a sudden occurred, boy, you know what, 12 and 13, that's going to get expensive. That's not anywhere in the record until today. You want to talk about waiver, it's not anywhere in the record until today, but it's just facially wrong. But to put a very fine point on it, this whole case boils down to whether or not counts 12 and 13 were within our appointment, and our appointment was to handle the proceedings. I don't know – I embrace the strict and narrow construction requirement. I am not arguing for a broad interpretation of the word proceedings. I am arguing that we were appointed to handle the proceedings, and that's it. So with that, I'll rest unless your honors have any other questions. Thank you, counsel. Your time's up. I thank both counsel for their arguments in this case. The court will take this matter under advisement, and we will now stand in recess.